**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Terry ALLEN, Defendant–Appellant.**

No. 92–5681.

United States Court of Appeals,
Fourth Circuit.

Argued June 9, 1993.

Decided Aug. 18, 1993.

Gale Murray Adams, Asst. Federal Public Defender, Fayetteville, NC, argued, for defendant-appellant.

John Samuel Bowler, Asst. U.S. Atty., Raleigh, NC, argued (Margaret Person Currin, U.S. Atty., on brief), for plaintiff-appellee.

Before PHILLIPS and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.

**OPINION**

BUTZNER, Senior Circuit Judge:

Terry Lee Allen appeals the judgment of the district court modifying the conditions of his supervised release. He complains that

the court lacked the statutory authority to order the modification. Because 18 U.S.C. § 3583(e)(2) authorized the court's action, we affirm.

## I

Allen was serving a three-year sentence of supervised release when he violated several conditions of that release. The three-year term was the maximum authorized for his offense.

Upon motion of Allen's probation officer, the district court held a revocation hearing at which Allen admitted violating several conditions of supervised release. The court then modified the conditions of Allen's supervised release. Without extending the overall term of release, the court ordered Allen to reside in a community service center for six months and then resume his supervised release.

## II

The district court acted pursuant to § 3583(e), but to understand the issue Allen raises it is necessary to refer to all of the options available to a court when a defendant violates the conditions of his supervised release. Section 3583(e) provides in pertinent part:

The court may ...

    (1) terminate a term of supervised release and discharge the person released
...

    (2) extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release ...

    (3) revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision ... or

    (4) order the person to remain at his place of residence during nonworking hours....

Allen interprets § 3583(e)(2) to authorize modification of a condition only when the term of supervised release is less than the maximum allowable term. He reads § 3583(e)(2) as a unified provision, in which the power to modify, reduce, or enlarge the conditions of release arises solely from the power to extend the term of supervised release. He argues if a court cannot extend a term of release because it has imposed the maximum term, it cannot modify a condition of release. Allen relies on *United States v. Cooper*, 962 F.2d 339 (4th Cir.1992), in which we decided that the disjunctive language of § 3583(e) did not permit a court to impose a new term of supervised release after revoking a sentence of supervised release and imprisoning the defendant.

## III

We must interpret a statute in accordance with the plain meaning of the words it uses. *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989). The plain language of section 3583(e)(2) allows a court, at any point before the term of supervised release has expired, to modify the conditions of release. Aside from the limitation that a court cannot modify the conditions of release after the expiration or termination of the term, no restriction in § 3583(e)(2) curbs the authority of the court to modify the conditions of release.

Congress made its intention clear by providing an introductory sentence of § 3583(e) that must be read in conjunction with subsection (e)(2). Read together these provisions disclose that a court "may" extend a term of supervised release and "may" modify the conditions of supervised release. The repetition of the verb "may" indicates that subsection (e)(2) confers authority on a court to punish a person who violates a condition of supervised release in two ways. The first allows the court to extend the term, if a maximum term has not already been imposed. The second grant of authority allows the court to alter the conditions of supervised release. It is apparent that § 3583(e)(2) deals with two subjects—the length of the term and the conditions of release. Contrary to Allen's argument, the second grant of authority, alteration of conditions, is not con-

ditioned on the court's exercise of the first grant, extension of the term. The court may employ either or both of the provisions of § 3583(e)(2).

*Cooper,* on which Allen relies, affords him no support. There we dealt with § 3583(e)(3), which permits a court to revoke a term of supervised release and imprison the defendant. Subsection (e)(3), however, contains no authorization for the imposition of a new period of supervised release after the defendant is released from prison. In concert with other courts, we concluded that inasmuch as the four options contained in subsections (e)(1) to (e)(4) were written in the disjunctive, the authority of a court that invoked subsection (e)(3) was limited to the provisions of (e)(3). *Cooper,* 962 F.2d at 341. We did not imply, as Allen contends, that the authority granted over the term and the conditions of supervised release in subsection (e)(2) restricted the court's use of either or both of these provisions.

In sum, we hold that when a defendant has violated the conditions of supervised release, 18 U.S.C. § 3583(e)(2) authorizes a court to modify the conditions of supervised release without extending the term.

The judgment of the district court is AFFIRMED.