36 F.3d 1095
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Conrad LOMINAC, Sr., Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Conrad LOMINAC, Jr., Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Duane Douglas LOMINAC, Defendant-Appellant.
 Nos. 94-5238, 94-5240, 94-5241.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 14, 1994.
Decided: September 20, 1994.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clark, Jr., Senior District Judge. (CR-89-60, CR-89-121-N)
 Robert Conrad Lominac, Sr., Robert Conrad Lominac, Jr., Duane Douglas Lominac, Appellants Pro Se.
 Harvey Lee Bryant, III, Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before WILLIAMS and MICHAEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Robert Lominac, Sr. (Lominac Sr.), Duane Lominac, and Robert Lominac, Jr. (Lominac Jr.), appeal the district court's modification of the conditions of their supervised release. Lominac, Sr., and Duane Lominac executed a scheme to defraud the American Express Company by obtaining numerous credit cards using false information and fictitious names. The cards were used to obtain approximately $166,000 in cash advances, merchandise and services. We affirm.
 
 
 2
 In 1989, Lominac, Sr., pled guilty to conspiracy to defraud, in violation of 18 U.S.C.A. Sec. 371 (West 1966), mail fraud, in violation of 18 U.S.C.A. Sec. 1341 (West Supp.1994), and access device fraud, in violation of 18 U.S.C.A. Sec. 1029(a)(2), (c) (West Supp.1994). He was sentenced to fifty-one months on each offense, to run concurrently, followed by three years of supervised release. He was ordered to pay restitution in the amount of $68,720.26, under the supervision of the Probation Office.
 
 
 3
 Duane Lominac pled guilty to conspiracy to defraud, in violation of 18 U.S.C.A. Sec. 371, and access device fraud, 18 U.S.C.A. Sec. 1029(a)(2), (c). He was sentenced to forty-one months for each offense, to be served concurrently, followed by three years of supervised release. Restitution in the amount of $68,720.62 was ordered to American Express as directed by the Probation Office during the period of supervised release.
 
 
 4
 Lominac, Jr., was involved in a scheme at the insurance company where he worked to submit false applications for life insurance, resulting in commissions to Lominac, Jr., or other agents working for him in the scheme. He pled guilty to mail fraud, in violation of 18 U.S.C.A. Sec. 1341, and false use of a social security number, in violation of 42 U.S.C.A. Sec. 408(g)(2) (West 1991). He also pled guilty to a violation of 18 U.S.C.A. Sec. 3 (West Supp.1994), and Sec. 3237 (West 1985), accessory after the fact, for his involvement with Duane Lominac after the American Express offenses. Lominac, Jr., was sentenced to twenty-four months for each offense, to run concurrently, followed by three years supervised release, and restitution in the amount of $71,111.16.
 
 
 5
 Once supervised release began and each man obtained employment, the probation officer issued a schedule of restitution payments. None of the Lominacs met his payment schedule. After a time, each filed for bankruptcy, hoping to discharge his restitution obligation. The probation officer told each man at the time of filing that he did not believe, based on his experience, that restitution would be dischargeable. In January 1994, the district court issued an order, in response to a motion from the Lominacs, that the automatic stay provisions of 11 U.S.C.A. Sec. 362(b)(5) (West 1993), did not stay the restitution obligations.
 
 
 6
 In March 1994, a joint hearing was held on alleged violations of supervised release. Each Lominac was represented by counsel. The testimony of the United States Probation Officer constituted the entire evidence. The district court found that each individual was employed at least part of the time that payments were not made, that each had the ability to make such payments, and that the failure to do so was willful. The court found that the bankruptcy filings did not constitute special circumstances excusing the failure to pay. The court found that each individual violated the terms of his supervised release. The district court modified the terms of the conditions of supervised release to require confinement in a halfway house for twelve months of the remainder of the term of supervised release. Each defendant appeals this order.
 
 
 7
 We review the district court's decision to revoke or modify supervised release for an abuse of discretion. United States v. Stephenson, 928 F.2d 728, 731 (6th Cir.1991) (revocation). In determining whether to revoke the supervised release or to modify its terms, the court must consider employment status, earning ability, financial resources, the willfulness of the failure to pay, as well as any other special circumstances bearing on the ability to satisfy the restitution order. Modification of the terms may include ordering residence in a community service center. United States v. Allen, 2 F.3d 538, 539-40 (4th Cir.1993).
 
 
 8
 Here, the district court considered each man's employment status, earning ability, financial resources, and the willfulness of the failure to pay in finding a violation, in accordance with 18 U.S.C.A. Sec. 3663(g) (West Supp.1994). See Bearden v. Georgia, 461 U.S. 660, 672 (1983). The court considered the Lominacs' Chapter 7 bankruptcy filings in determining whether their failure to comply with the restitution order was excusable. Given these circumstances, we have no trouble concluding that the district court's factual findings are not clearly erroneous and the decision to revoke supervised release was a proper exercise of discretion.
 
 
 9
 The Lominacs also complain that the district court had authority to impose a term of only six months of community confinement, rather than the twelve months it imposed. As the Defendants did not object to this modification in the district court,[1] it is reviewable only for plain error under Fed. R. Cr. P. 52(b). United States v. Olano, 61 U.S.L.W. 4421, 4423 (U.S.1993).
 
 
 10
 Section 5F1.1 of the United States Sentencing Commission, Guidelines Manual (Nov.1993), provides: "Community confinement may be imposed as a condition of probation or supervised release." Application note 2 states that community confinement "generally should not be imposed for a period in excess of six months." The note goes on to allow that a longer period can be imposed to achieve the objectives of a specific rehabilitative program such as drug[2] rehabilitation.
 
 
 11
 Under Olano, the Lominacs have forfeited review of this issue unless (1) there was an error, (2) that was clear under current law, (3) that affected the Lominacs's substantial rights, and (4) affected the fairness, integrity, or reputation of judicial proceedings. Olano, 61 U.S.L.W. at 4423-24. Assuming, without deciding, that the district court erred, we find that the error, if any, was not clear under current law based on the nonmandatory language of the general rule in application note 2, the court's reasoned consideration of note 2, and the findings made in support of its deviation from the rule. Therefore, this issue is forfeited under Olano.
 
 
 12
 The Lominacs have moved in this Court for a reduction of their monthly restitution payments. This issue was not presented to the district court. Thus, it is not reviewable in this Court. Muth v. United States, 1 F.3d 246, 250 (4th Cir.1993). Moreover, it is not the function of this Court to resolve this factual inquiry. The motion is therefore denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Defense counsel actively sought any option other than imprisonment and did not object to the court's decision to confine the Lominacs in a halfway house
 
 
 [2]
 Although we recognize that Application Notes to the Sentencing Guidelines are binding, see Stinson v. United States, 61 U.S.L.W. 4447, 4447 (U.S.1993), by its language, the commentary to section 5F1.1 is not mandatory. U.S.S.G. Sec. 5F1.1, comment. (n.2). Indeed, note 2 specifically contemplates periods of community confinement longer than six months