**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-4163**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GARRY R. KING, JR.,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (2:03-cr-00023)

---

Submitted: March 31, 2008        Decided: June 12, 2008

---

Before WILKINSON and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Michael R. Cline, MICHAEL R. CLINE LAW OFFICE, Charleston, West Virginia, for Appellant. Lisa Grimes Johnston, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On January 29, 2003, Garry R. King, Jr., was charged with one count of unlawfully possessing an article of mail stolen from the mailbox of another and knowing that the article had been stolen, in violation of 18 U.S.C. §§ 1708 (2000) and 2 (2000). King eventually pled guilty to the sole count in the indictment and was sentenced to three months' imprisonment followed by three years of supervised release.

King began supervised release on October 31, 2003. On January 10, 2006, King's probation officer petitioned the district court for a warrant for King due to multiple alleged violations of his supervised release. The district court ultimately entered an order finding King had violated the conditions of his supervised release and sentencing King to one day of imprisonment. The court also imposed a period of thirty-six months less one day of supervised release with the special condition that King spend five months in the community confinement center at Bannum Place in Rand, West Virginia. Thirty-one days later, King's probation officer again petitioned the court for a warrant for King due to an alleged violation of his supervised release.

The district court held a hearing on October 17, 2006, for King's alleged violation, during which King, his probation officer, and the director of Bannum Place testified. At the conclusion of the hearing, the district court revoked King's

- 2 -

supervised release and sentenced him to ten months' imprisonment and twenty-four months' supervised release.

King timely noted his appeal. On appeal, King has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967).[1] King now questions whether his conduct constituted a violation of the special condition of his supervised release.

A decision to revoke a defendant's supervised release is reviewed for abuse of discretion. United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995). "Under the abuse of discretion standard, this Court may not substitute its judgment for that of the district court; rather, we must determine whether the district court's exercise of discretion . . . was arbitrary and capricious." United States v. Mason, 52 F.3d 1286, 1289 (4th Cir. 1995). The district court need only find a violation by a preponderance of the evidence to revoke a defendant's supervised release. 18 U.S.C.A. § 3583(e)(3) (West 2000 and Supp. 2006).

In determining that King violated the special condition of his release, the district court found that: (1) in the two and one half weeks he resided at Bannum, King repeatedly requested passes and furloughs from Bannum staff and, after being rebuffed, from various probation officers; (2) that King went to the hospital for a toothache and while there informed staff that he had a

_____

[1]King was informed of his right to file a pro se supplemental brief. He has elected not to do so.

behavioral problem; (3) that hospital staff did not believe King was in dire need of immediate behavioral medical treatment; and (4) that, upon returning to Bannum, King threatened suicide, expecting to then be forced to leave. We have independently reviewed the record and conclude that the district court did not err in finding by a preponderance of the evidence that King falsely threatened suicide for the purpose of inducing Bannum staff to force him to leave Bannum and, thereby, violated the special condition of his release.[2]

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform King, in writing, of his right to petition the Supreme Court of the United States for further review. If King requests that a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on King.

---

[2]Additionally, the district court did not err in requiring King to spend five months at Bannum Place after sentencing him to only one day of imprisonment for his original violations of supervised release. See United States v. Allen, 2 F.3d 538 (4th Cir. 1993).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>