<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4245**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

RANDY KELLY,

              Defendant – Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.  Thomas E. Johnston,
District Judge.  (2:06-cr-00119-1)

Submitted:  September 7, 2011        Decided:  October 11, 2011

Before NIEMEYER, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne,
Appellate Counsel, David R. Bungard, Assistant Federal Public
Defender, Charleston, West Virginia, for Appellant.  R. Booth
Goodwin, II, United States Attorney, Monica K. Schwartz,
Assistant United States Attorney, Charleston, West Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randy Kelly appeals the district court's order modifying the conditions of his supervised release. On appeal, he raises the issue of whether the district court abused its discretion by imposing more restrictive conditions of supervised release without sufficient proof from the Government that they met the requirements of 18 U.S.C. § 3583(d) (2006). We affirm.

District courts have broad latitude to impose conditions on supervised release, and we review such conditions only for abuse of discretion. United States v. Armel, 585 F.3d 182, 186 (4th Cir. 2009). In addition to a number of mandatory conditions, the district court "may impose any other condition it considers to be appropriate," as long as it is reasonably related to the factors referred to in 18 U.S.C. § 3583(d)(1) (2006). United States v. Dotson, 324 F.3d 256, 260 (4th Cir. 2003). These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and protecting the public from further crimes. 18 U.S.C. §§ 3553(a)(1), (a)(2)(C), 3583(d)(1) (2006). Moreover, special conditions must involve no greater deprivation of liberty than is reasonably necessary for achieving the goals enumerated in § 3553(a). 18 U.S.C. § 3583(d)(2); Armel, 585 F.3d at 186.

Kelly was convicted by a jury of knowingly traveling in interstate commerce for the purpose of engaging in illicit

2

sexual conduct, in violation of 18 U.S.C. § 2423(b) (2006), and he was sentenced on November 2, 2006 to sixty-three months in prison and ten years of supervised release. Kelly traveled in interstate commerce for the purpose of having sex with a twelve-year-old girl, and he had a prior conviction for attempted first degree rape involving a twelve-year-old girl. He was required to register as a sex offender, and he reported that he did so. He began his term of supervised release on November 19, 2010.

On January 25, 2011, the probation officer petitioned the district court to modify the conditions of Kelly's supervised release to add the special conditions "outlined in the Standing Order for Adoption of Standard and Optional Conditions of Probation and Supervised Release in All Sex Offense Cases, entered on March 19, 2008." The district court's local rule provides that these special conditions should be included in the judgment "as appropriate in all cases where the offense of conviction, or a defendant's prior state or federal conviction, would qualify as a 'sex offense' as defined in the Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. § 16911(5) or otherwise result in a reporting obligation by the defendant to any state or federal sex offender registry." S.D.W. Va. R. Crim. P. 32.4. The probation officer recommended that all twenty-one special conditions be imposed on Kelly based on his conduct in the instant offense as well as his prior

3

conviction for attempted first degree rape, contending that the special conditions would allow the probation officer to more effectively supervise Kelly in the community.

At his modification of supervised release hearing, Kelly argued that the district court was aware of all the facts of the case when he was sentenced; he had done everything the probation officer asked him to do during his supervised release; and the probation officer had not identified any "concerns set forth in this petition as to anything he's doing now that would warrant additional restrictions upon his life." He also noted that two of the optional conditions "may cause him problems." Specifically, he would not be permitted to "loiter within one hundred feet" of any school property, but he had to walk by a high school to get to his job; and he would not be permitted to possess a cell phone capable of creating images or video, but the cell phone he currently possesses has "a camera on it."

The district court "considered the Section 3553(a) factors" and imposed all twenty-one conditions requested by the probation officer. The court explained that Kelly had a prior sex offense conviction involving a twelve-year-old girl, and "in this case, he was attempting to have sex with a 12-year-old girl." The court concluded that Kelly was "precisely the type of defendant that these conditions were designed for."

On appeal, Kelly argues that the district court abused its discretion because it had no basis beyond its local rule upon which to modify his supervised release, and the Government failed to meet its burden of proof to justify the conditions because it "presented no evidence at the modification hearing demonstrating why the new conditions were appropriate."

Based on our review of the record, we conclude that the district court did not abuse its discretion in modifying Kelly's supervised release conditions. A district court may modify the conditions imposed on a term of supervised release at any time before the term has expired, even when the modification is based only on evidence that was available at the original sentencing and not on changed circumstances. See United States v. Begay, 631 F.3d 1168, 1172 (10th Cir.), cert. denied, 131 S. Ct. 3010 (2011); United States v. Davies, 380 F.3d 329, 332 (8th Cir. 2004); United States v. Allen, 2 F.3d 538, 539 (4th Cir. 1993). In this case, the district court based its decision, that modification was appropriate under both the local rule and 18 U.S.C. § 3583(d), on Kelly's record. The Government was not required to present any evidence of new conduct justifying modification, and Kelly fails to show the new conditions are not reasonably related to pertinent § 3553(a) factors referred to in § 3583(d), or that they involve a greater deprivation of liberty than is reasonably necessary to achieve the § 3553(a) goals.

5

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED