10-4963-cr
United States v. Howard

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of January, two thousand twelve.

PRESENT: DENNIS JACOBS,
                            *Chief Judge*,
              RICHARD C. WESLEY,
              SUSAN L. CARNEY,
                            *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                            *Appellee*,

              v.                                          10-4963-cr

TYRONE HOWARD,

                            *Defendant-Appellant.*

_____

FOR APPELLANT:        MOLLY K. CORBETT, Research and Writing
                      Specialist, *for* Lisa Peebles, Acting
                      Federal Defender, Federal Public Defender
                      Office, Albany, N.Y.

FOR APPELLEE:         BRENDA K. SANNES, Assistant United States
                      Attorney (Daniel Hanlon, Assistant United
                      States Attorney, *on the brief*), *for*
                      Richard S. Hartunian, United States
                      Attorney for the Northern District of New
                      York, Syracuse, N.Y.

Appeal from the United States District Court for the Northern District of New York (Scullin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Northern District of New York be **AFFIRMED.**

Appellant appeals from a judgment of the United States District Court for the Northern District of New York (Scullin, *J.*), which imposed an incarceratory sentence of 90 months and a condition of supervised release that Appellant not associate with members of the Bloods Criminal Street Gang ("Bloods"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

## BACKGROUND

Defendant-Appellant Tyrone Howard pleaded guilty to a one-count indictment charging him with violating 18 U.S.C. § 922(g)(1), which prohibits felons from possessing firearms. Because Howard possessed a semi-automatic firearm and had two prior qualifying offenses, Howard's base offense level under the United States Sentencing Guidelines ("Guidelines") was 26. U.S.S.G. § 2K2.1(a)(1). Howard also had a significant criminal history, which placed him in criminal

history category V.  The district court gave Howard a three-level reduction for his acceptance of responsibility, bringing his offense level to 23.

The Guidelines called for 84 to 105 months of imprisonment.  The district court sentenced Howard to 90 months' incarceration.  It also imposed a supervised release condition prohibiting Howard from associating with any member of the Bloods.  Howard now appeals from the district court's imposition of the sentence and condition of supervised release.

**DISCUSSION**

We review the sentence imposed by the district court to determine whether it is reasonable.  *Gall v. United States,* 552 U.S. 38, 46 (2007); *United States v. Cavera*, 550 F.3d 180, 187-88 (2d Cir. 2008) (*en banc*).  Reasonableness review, which has both procedural and substantive components, is "akin to review for abuse of discretion." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006).

Howard contends that this Court should vacate his sentence for three reasons: (1) the district court committed procedural error by (a) failing to adequately explain its sentence, and by (b) failing to explicitly address Howard's

argument that the enhancement for possession of a semi-automatic firearm in U.S.S.G. § 2K2.1(a)(1) lacked an empirical basis; (2) an incarceratory sentence of 90 months' imprisonment is substantively unreasonable, primarily because U.S.S.G. § 2K2.1(a)(1) lacks an empirical basis; and (3) the district court committed procedural error by failing to comply with Federal Rule of Criminal Procedure 32(i)(3)(B)'s requirement that the district court either rule on Howard's dispute with the pre-sentence report's references to his membership in the Bloods or, alternatively, explicitly state that the matter would not affect sentencing; he further argues that the condition of supervised release prohibiting him from associating with members of the Bloods must be stricken. Each of these arguments is taken in turn.

First, we reject Howard's claim that the district court committed procedural error by failing to adequately explain its sentence and by failing to explicitly address his argument that the applicable Guideline lacked an empirical basis. A district court commits procedural error when it fails to adequately explain its sentence, as 18 U.S.C. 3553(c) requires. *Cavera*, 550 F.3d 180, 192-93 (2d Cir.

4

2008).  Although "[s]tating no reasons at all plainly falls short" of satisfying § 3553(c), *see United States v. Lewis*, 424 F.3d 239, 245 (2d Cir. 2005) (internal quotation marks omitted), the district court's explanation of its sentence need not be extensive, especially where a Guidelines sentence is imposed, *see Rita v. United States*, 551 U.S. 338, 356-59 (2007). "[A]dopting the findings of the PSR is ordinarily sufficient to satisfy § 3553(c)." *United States v. Buissereth*, 638 F.3d 114, 117 (2d Cir. 2011).  If the defendant fails to object to the limited nature of the district court's explanation, plain error review applies. *United States v. Villafuerte*, 502 F.3d 204, 211 (2d Cir. 2007).

Here, the district court adopted the findings of the pre-sentence report in open court, and it imposed a Guidelines sentence, which does not require lengthy explanation.  As such, Howard, who did not object below to what he now perceives as the district court's lack of an adequate explanation of its sentence, has failed to demonstrate plain error.  Similarly, we reject Howard's claim that the district court erred by failing to explicitly address his argument that the applicable Guideline lacked an

5

empirical foundation. This Court has never required that the district court address every argument, frivolous or not, made by the defendant. *See United States v. Bonilla*, 618 F.3d 102, 111 (2d Cir. 2010).

We turn next to Howard's claim that his sentence was substantively unreasonable because the Guideline applicable to felons possessing semi-automatic weapons, U.S.S.G. § 2K2.1, lacks an empirical basis and thus is of "questionable integrity." Howard Br. 22. In support of this contention, Howard cites the Supreme Court's decision in *Kimbrough v. United States*, 552 U.S. 85 (2007), and this Court's decision in *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010). This argument is without merit. That the Sentencing Commission did not cite empirical data in support of its amendment to the Guideline does not render the Guideline flawed. *See United States v. Perez-Frias*, 636 F.3d 39, 43 (2d Cir. 2011).

Finally, we turn to Howard's argument that the district court erred because it failed to resolve his dispute with the pre-sentence report's references to his purported membership in the Bloods and then based a supervised release condition on that disputed membership. Federal Rule of

Criminal Procedure 32(i)(3)(B) requires that for any disputed portion of the pre-sentence report, the district court either "rule on the dispute or determine that a ruling is unnecessary . . . because the matter will not affect sentencing."  Fed. R. Crim. P. 32(i)(3)(B).  Here, although the district court did not rule on whether Howard was a member of the Bloods or explicitly state that it would not consider the matter in sentencing Howard, the district court's remarks at Howard's sentencing hearing, when read in context, made clear that it would not consider Howard's purported membership in the Bloods when crafting its sentence.  Any technical failure on the part of the district court to explicitly state as much is harmless.  *Cf. United States v. Gilmore*, 599 F.3d 160, 168 (2d Cir. 2010).

That the district court imposed a supervised release condition prohibiting Howard from associating with members of the Bloods does not suggest otherwise.  Howard, through counsel, admitted that he associated with members of the Bloods in the past.  The imposition of the condition, which prevents Howard from associating with members of a violent criminal enterprise during the period of his supervised release, does not constitute plain error.  *See* U.S.S.G. §

7

5D1.3(c)(9); *United States v. Albanese*, 554 F.2d 543, 546 (2d Cir. 1977).

We have considered Howard's remaining arguments and, after a thorough review of the record, find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8