22-1604-cr
*United States v. Oliver*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of September, two thousand twenty-three.

PRESENT:  JOSEPH F. BIANCO,
BETH ROBINSON,
ALISON J. NATHAN,
*Circuit Judges.*

---

United States of America,

*Appellee,*

v.                                                                          22-1604-cr

Khyri Oliver,

*Defendant-Appellant.*\*

---

FOR DEFENDANT-APPELLANT:            James P. Egan, Assistant Federal Public Defender, Syracuse, NY.

FOR APPELLEE:            Jonathan S. Reiner, Assistant United States Attorney, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Albany, NY.

---

\*  The Clerk of Court is respectfully directed to amend the caption as set forth above.

Appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Khyri Oliver appeals from the district court's judgment, entered on July 21, 2022, following his guilty plea to one count of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Oliver, who had previously been convicted of three felonies, possessed a gun at an indoor shooting range in Troy, New York. The district court determined that Oliver's advisory Sentencing Guidelines range was 46–57 months' imprisonment, and principally imposed a 51-month sentence. On appeal, Oliver challenges both the procedural and substantive reasonableness of the sentence. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## I.   Procedural Reasonableness

Oliver argues that the district court erred in relying on his perceived mental health problems to increase the length of his sentence. In support of that position, he relies exclusively on the district court's statement at sentencing that "the Court has also considered Mr. Oliver's mental health history, which is extensive," and a nearly identical statement in the district court's written statement of reasons. App'x at 93. Because Oliver failed to present this argument to the district court, we review it under the deferential plain error standard.[1]  *See United States v. Williams*, 998

---

[1]  Although Oliver does not dispute that he failed to raise this objection at sentencing, he contends that we should apply a more relaxed plain error standard, *see United States v. Sofsky*, 287 F.3d 122, 125–26 (2d Cir. 2002), which requires him to demonstrate only that "there is an error, and that the error is clear and obvious," *United States v. Haverkamp*, 958 F.3d 145, 150 (2d Cir. 2020). However, we need not decide this issue because, even if we were to apply the more relaxed standard in this context, our decision to affirm the district court's judgment would remain unchanged for the reasons set forth *infra*.

F.3d 538, 540 (2d Cir. 2021) (per curiam). Under the plain error standard, the defendant must demonstrate "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected [the defendant's] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks and citation omitted).

"A district court commits procedural error when it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Genao*, 869 F.3d 136, 140 (2d Cir. 2017) (internal quotation marks and citation omitted). In conducting our procedural reasonableness review, we do not "categorically proscribe any factor 'concerning the background, character, and conduct' of the defendant, with the exception of invidious factors." *United States v. Cavera*, 550 F.3d 180, 191 (2d Cir. 2008) (en banc) (quoting 18 U.S.C. § 3661); *see also United States v. Wernick*, 691 F.3d 108, 118 (2d Cir. 2012) ("[W]e have frequently emphasized that a sentencing court has discretion to consider a broad range of information bearing on 'the history and characteristics of the defendant.'" (quoting 18 U.S.C. § 3553(a)(1))).

Oliver contends that the district court improperly increased his term of imprisonment because of his mental health history. Oliver recognizes that the Section 3553(a) factors "permit courts to consider a defendant's history and characteristics when fashioning a sentence" and that "courts have sometimes relied on a defendant's history of mental health to increase a sentence." Appellant's Br. at 11–12. However, he asserts that there was no proper basis for doing so here because his mental health issues were unrelated to his past criminality. Thus, in his view, there

was no justification for an increase in the length of his term of imprisonment to address, for example, the need for incapacitation due to a risk of recidivism. Oliver further argues that, to the extent the district court increased his sentence based on his mental history for rehabilitative purposes, such a rationale would be impermissible because 18 U.S.C. § 3582(a) "precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation." *Tapia v. United States*, 564 U.S. 319, 332 (2011).

We conclude that the record does not support the underlying premise of Oliver's procedural challenge—namely, that the district court relied on his mental health history as an aggravating factor to increase his sentence. Thus, even assuming *arguendo* that it would have been procedural error for the district court to rely on Oliver's mental health history as an aggravating factor under these circumstances, Oliver fails to establish as a factual matter that any such error occurred. At sentencing, the district court cursorily referred to Oliver's mental health issues when it applied the Section 3553(a) factors, including the defendant's history and characteristics, and noted that it had "considered Oliver's mental health history, which is extensive." App'x at 93. The district court's statement that it had *considered* Oliver's mental health does not compel the inference, as Oliver suggests, that the district court *increased* Oliver's sentence based on that consideration. Indeed, any such inference is especially unwarranted in this case given that the government did not even argue that his mental health was an aggravating factor; rather, mental health was only raised by Oliver as a mitigating factor. For example, in a memorandum submitted prior to sentencing, Oliver emphasized his lifelong mental health struggles, dating back to his childhood, which he described as his "mitigating history and characteristics."[2]  App'x at 72. In addition, at the sentencing proceeding, although Oliver did not explicitly raise his mental health history, he did refer to his

---

[2]  The Presentence Report also contained the same mental health information, along with certain additional details.

4

"upbringing where he faced . . . extraordinary hardship." App'x at 91. In short, it is not "clear or obvious" from the record that the district court considered Oliver's mental health history as an aggravating factor and increased his sentence based on that history. *Marcus*, 560 U.S. at 262 (internal quotation marks and citation omitted). Accordingly, Oliver has failed to demonstrate plain error.

## II.    Substantive Reasonableness

It is well established that "when conducting substantive review, we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *Cavera*, 550 F.3d at 190 (citing *Rita v. United States*, 551 U.S. 338, 354 (2007)). Therefore, we review the substantive reasonableness of "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Gall*, 552 U.S. 38, 41 (2007). Under that standard, a sentencing court abuses its discretion only when the sentence is "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (internal quotation marks and citation omitted). This Court does not "substitute [its] own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case, but will instead set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Ingram*, 721 F.3d 35, 37 (2d Cir. 2013) (internal quotation marks and citation omitted). Moreover, although there is no presumption that a sentence within the Guidelines range is reasonable, this Court has stated "that in the overwhelming majority of cases, a Guidelines sentence will fall

5

comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006).

Oliver argues that his 51-month sentence, which is in the middle of the advisory Guidelines range, was substantively unreasonable because his offense conduct involved renting a firearm at an indoor firing range to shoot targets with a friend and returning it before leaving. As set forth below, we find Oliver's arguments unpersuasive.

First, Oliver argues that the district court should have declined to apply U.S.S.G. § 2K2.1, the Guidelines provision for illegal firearm possession, on the grounds that the United States Sentencing Commission adopted it without providing an empirical basis for it.[3] However, in *United States v. Perez-Frias*, we explained that "the absence of empirical support" for a particular Guideline does not render a sentence applying that Guideline substantively unreasonable. 636 F.3d 39, 43 (2d Cir. 2011); *see also United States v. Howard*, 455 F. App'x 87, 90 (2d Cir. 2012) (summary order) ("That the Sentencing Commission did not cite empirical data in support of its amendment to [Section 2K2.1] does not render the Guideline flawed."). Thus, the district court was not required to vary from Section 2K2.1, even if there is an absence of empirical evidence to support the Guideline provision.

---

[3] Oliver notes that, under the version of Section 2K2.1 that existed prior to the 1991 amendment that produced the current version, his range would have been "no more than 21 to 27 months." Appellant's Br. at 19. As a result of the 1991 amendment, Oliver's prior criminal history resulted in a base offense level of 20 (although the district court ultimately calculated his offense level at 17 due to reductions for acceptance of responsibility). *See* U.S.S.G. § 2K2.1(a)(4) (setting base offense level at 20 for defendant previously convicted of "one felony conviction of either a crime of violence or a controlled substance offense"). Because Oliver's prior criminal history subjected him to Section 2K2.1(a)(4), he was ineligible for the so-called "sporting-use" reduction under Section 2K2.1(b)(2). *See* U.S.S.G. § 2K2.1(b)(2) (making six-level sporting-use reduction where defendant possessed a firearm "solely for lawful sporting purposes . . . and did not unlawfully discharge or otherwise unlawfully use such firearm[]" inapplicable to defendants subject to Section 2K2.1(a)(4)).

Moreover, to the extent Oliver suggests that the district court was required to specifically respond to his argument for a variance on this ground, we disagree. The district court made clear at sentencing that it was "aware of everything said by [defense counsel] on behalf of Mr. Oliver" and had considered "the submissions by counsel," App'x at 92, which included arguments regarding Section 2K2.1's purported deficiencies. The district court was not required to specifically explain its reasons for rejecting those arguments. *See Fernandez*, 443 F.3d at 29 ("[W]e entertain a strong presumption that the sentencing judge has considered all arguments properly presented to her, unless the record clearly suggests otherwise."); *see also Howard*, 455 F. App'x at 90 (rejecting defendant's "claim that the district court erred by failing to explicitly address his argument that [Section 2K2.1] lacked an empirical foundation" and stating that "[t]his Court has never required that the district court address every argument, frivolous or not, made by the defendant" (citing *United States v. Bonilla*, 618 F.3d 102, 111 (2d Cir. 2010))).

Second, Oliver argues that "even if the [G]uideline range [was] reasonable in the ordinary case, [his] conduct was atypical," because "[his] possession was temporary and done for an otherwise lawful purpose." Appellant's Br. at 21. Thus, he contends that the district court should have varied from the Guideline range. We find this argument to be similarly without merit and conclude that the sentence was substantively reasonable.

In imposing the sentence, the district court recounted Oliver's "extensive criminal history." App'x at 92. Specifically, the district court noted Oliver's three prior felony convictions, including attempted robbery, grand larceny, and an offense involving contraband while in prison (each of which involved a weapon), as well as two weapons-related misdemeanor convictions and a narcotics offense. In addition, the district court also considered Oliver's "admitted and documented history of belonging to a gang . . . ." App'x at 94. As the government explained in

7

its sentencing memorandum, which the district court explicitly noted that it had reviewed, law enforcement became aware of Oliver's unlawful possession of the firearm at the shooting range on July 23, 2020, after viewing a video he posted on Facebook of himself with a caption reflecting his gang affiliation. The government's submission also included Facebook messages indicating that Oliver had purchased a firearm in June 2020 and that he had discussed purchasing additional firearms. Furthermore, Oliver obtained the gun at the shooting range by falsely stating that he was allowed to possess a firearm. Oliver did not dispute this additional factual information in the government's sentencing submission and the district court was entitled to consider such information in assessing the Section 3553(a) factors including, *inter alia*, "the nature and circumstances of the offense" and the need "to protect the public from further crimes of the defendant."[4] 18 U.S.C. § 3553(a)(1) and (a)(2)(C).

In sum, given Oliver's extensive criminal history and the other circumstances presented to the district court surrounding his unlawful possession of the firearm at the shooting range—including the Facebook video, Facebook messages indicating his separate purchase of a firearm in 2020, and messages concerning the purchase of other firearms—the 51-month sentence, in the middle of the Guidelines range, was not "shockingly high," *Broxmeyer*, 699 F.3d at 289 (internal quotation marks and citation omitted), even in the context of the mitigating factors asserted by Oliver. Instead, the district court's sentence of 51 months' imprisonment was "within the range of permissible decisions" based on the facts presented at sentencing. *Ingram*, 721 F.3d at 37

---

[4] Oliver contends that, in considering the nature and circumstances of offense, "the district court placed undue weight on the type of firearm" he possessed at the shooting range—a semi-automatic assault weapon—because "the context of Oliver's possession rendered the type of firearm irrelevant." Appellant's Br. at 23. However, because the conduct also included the above-noted gang reference on Facebook and his involvement in other firearms-related activity in the same timeframe, the district court was well within its discretion in not accepting Oliver's relatively more innocuous explanation and considering the type of gun he possessed and shot at the range in weighing, among other things, his motive and risk of future criminality.

(internal quotation marks and citation omitted). Accordingly, we conclude that the sentence was substantively reasonable.

*    *    *

We have considered Oliver's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court